IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| BURKE LANDSCAPING, INC., et al. | : | NO. 13-4043 |

### MEMORANDUM

**Restrepo, J.**                                                                                                       **March 13, 2014**

Employers Mutual Casualty Company ("Plaintiff") brought this declaratory judgment action, seeking a determination that it has no obligation to defend or indemnify three parties in an underlying state court lawsuit. Now pending is Plaintiff's motion for a default judgment. As explained below, I will decline to exercise jurisdiction and will instead dismiss the action without prejudice to Plaintiff's ability to seek a declaratory judgment in state court.

### I.   FACTS AND PROCEDURAL HISTORY

The facts, as pleaded in the Complaint, are as follows: Defendant Burke Landscaping, Inc. is a Pennsylvania corporation. Compl. ¶ 2. Sean Burke, Sr. and Sean Burke, Jr., also named as defendants, are allegedly officers of this corporation.[1] *Id.* ¶¶ 2-3. Defendants are allegedly insured by Plaintiff under a commercial general liability insurance policy. *Id.* ¶¶ 9, 20. Accordingly, in or around May of 2013, each Defendant allegedly sought coverage from Plaintiff for claims brought against them in state court. *Id.* ¶ 9.

The underlying state court action alleges that three individuals, Stephanie Gephart, John Taylor, Jr. and Florence Sancken (collectively "the tenants"), suffered an assortment of injuries due to the failure of Sean Burke, Jr. to properly care for the apartment that he rented to them. *Id.* ¶¶ 11-19. The alleged injuries included asthma attacks, respiratory infections, hair loss,

---

[1] As explained below, it is doubtful that this is accurate. In fact, it is unclear whether there actually is both a "Sean Burke, Sr." and "Sean Burke, Jr.," rather than a single person named Sean Burke.

headaches and nose bleeds. *Id*. The tenants' suit asserted violations of Pennsylvania contract law, tort law, and the Landlord-Tenant Act of 1951, 68 P.S. § 250.101 *et seq. Id.* Plaintiff filed the instant complaint on July 11, 2013, seeking a declaration that "the allegations and claims for relief in the underling lawsuit do not allege an occurrence" under the terms of the policy and accordingly, do "not trigger coverage." *Id.* ¶¶ 21-24.

Plaintiff filed affidavits of service for each defendant, contending that service was completed on August 29, 2013. ECF Nos. 3-5. On October 15, 2013, Plaintiff filed for a default judgment. ECF No. 7. In a December, 2013 conference call, I notified Plaintiff that although it was asking for a default judgment against Sean Burke, Sr. and Sean Burke, Jr., its own affidavits of service stated that the person who accepted service for Defendants notified the process server that "there was no Sean Burke, Sr. or Sean Burke, Jr., there was just one Sean Burke." ECF Nos. 3, 5. Apparently this was correct, and on December 17, 2013, per Plaintiff's request, I dismissed Sean Burke, Sr.[2]

The tenants are not parties to this suit and do not appear to have received any notice of it. Their state court action is currently proceeding in the Delaware County Court of Common Pleas.

## II. DISCUSSION

### A. Evaluating Declaratory Judgment Actions Filed by Insurance Companies

"The Declaratory Judgment Act provides that in a case of actual controversy, a federal district court 'may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Access Ins. Co. v. Carpio*, 861 F. Supp. 2d 539, 541 (E.D. Pa. 2012) (quoting 28 U.S.C. § 2201(a)). The assumption of jurisdiction is not mandatory. Instead, "[t]he Act affords district courts 'unique and substantial

---

[2] At least some of the initial confusion stems from the tenants, who named both Sean Burke, Sr. and Sean Burke, Jr. in the caption of their state court complaint. In the body of the complaint they make allegations solely against Sean Burke, Jr.

discretion in deciding whether to declare the rights of litigants.'" *United Fin. Cas. Co. v. Fornataro*, No. 08-1301, 2008 WL 4283347, *1 (W.D. Pa. Sept. 18, 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Accordingly, before a district court entertains the merits of such an action, "it is necessary to determine whether the Court should even entertain [the] case under the Declaratory Judgment Act at all." *Star Ins. Co. v. Treible's Wrecker Serv., Inc.*, No. 12-47, 2013 WL 5603578, *2 (M.D. Pa. Oct. 11, 2013).

Declaratory judgment actions in circumstances such as this are common. However, the Third Circuit has cautioned that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). And,

> [a] state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. **Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare.**

*Id.* (emphasis added). Thus, when insurers seek declaratory judgments, the Court of Appeals has provided three factors that a district court should consider before assuming jurisdiction:

1. A general policy of restraint when the same issues are pending in state court;

2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and]

3. Avoidance of duplicative litigation.

*Id.*

### B.  Two of Three *Summy* Factors Weigh in Favor of Declining Jurisdiction

The first *Summy* factor, "[a] general policy of restraint when the same issues are pending in state court," *id.*, weighs against assuming jurisdiction. As noted above, the tenants continue to

3

pursue the state court action that underlies this case. And while there does not appear to be a parallel state declaratory action regarding the insurance policy, as there was in *Summy*, that difference is not dispositive. In fact, courts often deny jurisdiction in these circumstances. *E.g., Atl. Mut. Ins. Co. v. Gula*, 84 F. App'x 173 (3d Cir. 2003); *Dairyland Ins. Co. v. Warman*, No. 10-1476, 2011 WL 338655, *3 (W.D. Pa. Feb. 3, 2011); *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 631 (W.D. Pa. 2002). *Gula*, while not precedential, is particularly instructive. There, an insurer appealed a district court's denial of jurisdiction in a declaratory judgment action. The insurer argued that although there was an underlying negligence suit against an insured, the actual issue of insurance coverage itself had not been raised, such that *Summy's* concern about restraint was not implicated. *Id.* at 174-175. The Third Circuit disagreed and affirmed, finding that, like here, the insurance issue would "as a matter of logic necessarily arise before the [state court] matter is concluded." *Id.* at 175. The Circuit noted that there were no unusual circumstances in the case, and affirmed without reaching a conclusion about either of the other two *Summy* factors. *Id.*

In this case, the third *Summy* factor also weighs in favor of declining jurisdiction. Declining to exercise jurisdiction and allowing a state court to proceed over each of these actions "would promote judicial economy by avoiding duplicative and piecemeal litigation." *Summy*, 234 F.3d at 135 (citing *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992) ("[T]he prospects for coordinated management and alleviation of abrasion are greater when the litigation is handled under one jurisdictional roof.")). In fact, the history of this case provides an excellent example of why it is wise for a court to resist placing pieces of litigation in jurisdictional silos. As noted above, Plaintiff made a decision not to include the tenants in this action. While that presumably

4

was a valid choice,[3] having all parties "under one jurisdictional roof," *Mitcheson*, 955 F.2d at 239, would allow for the most efficient disposition of the underlying insurance question. Moreover, had Plaintiff filed this suit in state court, it may have helped Plaintiff clarify who it was seeking a judgment against to begin with. If so, Plaintiff might have been spared from bringing suit, filing an affidavit of service and requesting a default judgment against a person that either does not exist, or, at the very least, had no reason to be in this suit in the first place.[4]

I am bound by the Third Circuit's instruction that when, as here, "state law is firmly established," courts should assume jurisdiction in declaratory judgment actions only in "unusual circumstances." Here, rather than anything unusual, "the sole issue of insurance coverage . . . presents no federal question and promotes no federal interest." *Phoenix Ins. Co. v. Kellner*, No. 11-1085, 2012 WL 266470, *3 (W.D. Pa. Jan. 30, 2012). Instead, the suit "presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. This weighs heavily against the court exercising jurisdiction." *Id.* (citing *Seelye*, 198 F. Supp. 2d at 631 ("There simply is no federal interest at

---

[3] There is some recent disagreement in the Eastern District as to whether injured parties' financial interest in insurance disputes renders them required parties pursuant to Federal Rule 19(a)(1)(B). *Compare Bhd. Mut. Ins. Co. v. Salem Baptist Church of Jenkintown*, 10-7072, 2012 WL 1526851, *3-4 (E.D. Pa. Apr. 30, 2012) (finding that, pursuant to *American Auto Insurance. Co. v. Murray*, 658 F.3d 311, 317 (3d Cir. 2011), an underlying injured party is necessary in action by insurance company against insured) *with Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 240 (E.D. Pa. 2013) (declining to follow *Salem Baptist* and holding that, pursuant to *Liberty Mutual Insurance. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005), an injured party continues to not be considered a required party in the Third Circuit). In state court, the tenants would likely be required parties. *Vale Chem. Co. v. Hartford Acc. & Indem. Co.*, 512 Pa. 290, 293-94, (1986) ([The Pennsylvania] Supreme Court has consistently held that where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier. The failure to join a claimant whose interests would be affected has been held to be fatal error."). It seems plausible an insurance company may "perceive some advantage in the federal forum," *Summy*, 234 F.3d at 136, if it can generally leave out the injured party in federal court, as Plaintiff did here.

[4] I reach no conclusion about the second *Summy* factor, "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion." 234 F.3d at 136. It is not clear whether Plaintiff is actually defending the Burkes in state court.

stake here. These factors weigh heavily against exercising jurisdiction over this action.")). *Accord Carpio*, 861 F. Supp. 2d at 541; *Warman*, 2011 WL 338655 at *3. Accordingly, finding nothing unusual about this matter, and finding that at least two of three *Summy* factors weigh against assuming jurisdiction, I will decline to do so.

### III. CONCLUSION

Plaintiff asks "that I determine issues of purely state law without the benefit of hearing from the alleged injured individual[s] . . . who would likely be the most affected by the grant of declaratory relief." *Carpio*, 861 F. Supp. 2d at 541. Moreover, "[t]he issues that [Plaintiff] asks me to consider are greatly influenced and impacted by the underlying state court tort action." *Id.*; *see also Gula*, 84 F. App'x at 175. "Given that all of the parties are not present in this action," *Carpio*, 861 F. Supp. 2d at 541, that Plaintiff has already attempted to receive a declaratory judgment against a person who may not actually exist, and "that it would be more efficient to have these state court issues addressed by the state court already considering related matters," *Id.*, I will decline jurisdiction and dismiss this action without prejudice.

An appropriate Order follows.